DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ANSELMO R. HEYLIGER, JR.,       )<br>                                                         )<br>       Plaintiff,                              )<br>                                                         )<br>       vs.                                        )          1:09-cv-81<br>                                                         )<br>HOVENSA, L.L.C.,                       )<br>                                                         )<br>       Defendant.                         ) | |

AMBROSE, Senior District Judge

### MEMORANDUM ORDER OF COURT

Plaintiff, Anselmo R. Heyliger, Jr., filed an employment discrimination complaint against Defendant, Hovensa, L.L.C. based on race pursuant to 42 U.S.C. §1981 and 10 V.I.C. §3 for failure to promote him to the position of Associate Planner.  (ECF No. 1).  Defendant filed a Motion for Summary Judgment[1] seeking a dismissal of Plaintiff's claims with prejudice.  (ECF No. 45).

Section 1981 race discrimination claims are evaluated under the familiar burden shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  *Vulcan Pioneers of New Jersey v. City of Newark,* 374 Fed.Appx. 313, 318 (3d Cir. 2010).   First, the plaintiff has the burden of proving by a preponderance of the evidence a *prima facie* case of

---

[1] In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact.  *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987).   The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.  Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

unlawful discrimination. If the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for adverse employment action. *Id; Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant carries this burden, the plaintiff must then show legitimate reasons offered by the defendant were not the true reasons, but were a pretext for discrimination. *See, Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

To establish a *prima facie* case of race discrimination for failure to promote, Plaintiff must establish that 1) he is a member of a protected class; 2) he applied to and was qualified for an available position; 3) despite his qualifications, he was rejected; and 4) after he was rejected, the employer continued to seek out similarly qualified individuals to fill the position. *McDonnell Douglas Corp.,* 411 U.S. 802; *Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir.1997). Defendant argues that Plaintiff cannot meet his *prima facie case* because 1) he did not apply for the position awarded to Rod Graci; and 2) he did not suffer an adverse employment action by being denied an interview. (ECF No. 46, pp. 6-7). After a review of the evidence, I disagree.

There is no dispute that Plaintiff applied for the Associate Planner position on November 24, 2008. (ECF No. 53, ¶11). Mr. Graci was awarded the Associate Planner position on December 3, 2008. Defendant suggests that Mr. Graci applied under requisition #91146 while Plaintiff applied under requisition #91183 and, therefore, Plaintiff did not apply for the same position that was awarded to Plaintiff. Regardless of the requisition number under which either employee applied, there is no doubt that they both applied for the available Associate Planner position. Additionally, I note that the draft offer for Mr. Graci was being considered under a completely separate requisition number from the one he applied under: #91182. (ECF No. 47-4, p. 2). Consequently, I find no merit to the argument regarding different requisition numbers.

Similarly, I am not persuaded by Defendant's argument that Plaintiff did not suffer an adverse employment action by being denied an interview. Defendant suggests that because the Associate Planner position under requisition #91183 was never filled, Plaintiff did not suffer

2

an adverse action by being denied an interview. (ECF No. 46, p. 7). There is no doubt, however, that the available Associate Planner position was filled by Graci. Not being selected for an interview process for the Associate Planner position, whether under requisition #91146, 91182 or 91183, constitutes an adverse employment action. Thus, Defendant's argument in this regard fails.

Next, Defendant states that its legitimate nondiscriminatory reason for hiring Mr. Graci was that Mr. Graci was more qualified for the Associate Planner position than Plaintiff. (ECF No. 46, pp. 9-14).

To rebut Defendant's legitimate reasons for its conduct, Plaintiff must provide sufficient evidence from which a factfinder could: 1) reasonably reject Defendant's explanation; or 2) believe that an invidious discriminatory reason was more likely than not a motivating cause of the employer's decision. *Fuentes*, 32 F.3d at 763-64. Specifically, Plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered [sic] legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Id.* Thus, at the summary judgment stage, "the plaintiff need only raise doubt as to the legitimacy of the defendant's proffered reason for its adverse action; it need not prove its discrimination case." *Andes v. New Jersey City University,* No. 10-2097, 2011 WL 1053619 *2 (3d Cir. March 24, 2011).

Defendant argues that Mr. Graci was more qualified because of his more than 20 years of construction and related craft experience. (ECF No. 46, p. 9). In response, Plaintiff has put forth evidence that he had the necessary qualifications for the position as listed and did not need craft experience since it was not listed on the job requirements. (ECF No. 52, pp. 1, 3-4). I agree with Plaintiff that the job posting does not list craft experience as a requirement. (ECF No. 52-1, pp. 1-3). In fact, Kiana Adcock, Hovensa's human resources manager, testified that craft experience was not listed as a specific requirement. (ECF No. 52-3, p. 50). Moreover,

there is evidence that Defendant had previously hired Associate Planners who had no craft experience. (ECF No. 52-3, p. 28-29).

Additionally, there is evidence to show Plaintiff has had years of experience with Defendant in, *inter alia,* operations, maintenance and turnarounds (ECF No. 47-8, pp. 1-4). The evidence also shows that Mr. Graci never worked for Defendant or at a refinery. (ECF No. 52-3, p. 9). Furthermore, there is evidence that Mr. Graci lied on his application regarding his education and that Defendant knew about it but that Defendant hired him anyway. (ECF No. 52-3, pp. 43-45).

Finally, Plaintiff raises as a reason for pretext that as a result of a personal friendship between William Tabbert, head of the planning department and a decision maker in the hiring of the Associate Planner, Defendant ignored its normal hiring procedures when it offered the job to Mr. Graci. (ECF No. 52, p. 2). While Defendant suggests that hiring based on a friendship may be a bad business decision, it is not evidence of racial discrimination (ECF No. 46, p. 15-16), it misconstrues Plaintiff's argument. Plaintiff's argument is that because of the friendship Defendant ignored the normal hiring procedures. (ECF No. 52, pp. 2, 4). Specifically, there is evidence that the hiring committee for Defendant did not meet, as it normally did, after the interviews to make a collective hiring decision. (ECF No. 52-3, pp. 5-7, 11-15, 30-31, 34-35). This evidence, viewed in the light most favorable to Plaintiff, discredits Defendant's proffered legitimate reason that Mr. Graci was hired because Mr. Graci had more experience than Plaintiff.

Viewing all of the evidence in the light most favorable to Plaintiff, there is a genuine issue of material fact sufficient such that a reasonable jury could reject Defendant's stated reason finding it unworthy of credence. Consequently, summary judgment is not warranted in this case.

THEREFORE, this 2nd day of August, 2011, it is ordered that Defendant's Motion for Summary Judgment (ECF No. [45]) is denied.

A pre-trial video conference is set for September 19, 2011, at 11:00 a.m. in the Magistrate Judge's courtroom on the second floor of the courthouse.

                BY THE COURT:

                s/ Donetta W. Ambrose
                  Donetta W. Ambrose
                  United States Senior District Judge